**P.K. Runkles-Pearson, P.C.**, OSB No. 061911
p.k.runkles-pearson@millernash.com
**Sharae M. Wheeler**, OSB No. 115525
sharae.wheeler@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendant
Portland State University

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHEEBA ORIKO, | Case No. 3:17-cv-00737-JE |
| Plaintiff, | DEFENDANT'S MOTION TO DISMISS |
| v. | **ORAL ARGUMENT REQUESTED** |
| PUBLIC SAFETY, PORTLAND STATE UNIVERSITY, | |
| Defendant. | |

### LR 7.1 CERTIFICATE

In compliance with Local Rule 7-1, counsel for defendant certifies that she tried

to reach pro se plaintiff Sheeba Oriko to confer on this motion, but was unable to reach her.  On

May 12, 2017, counsel for defendant tried to reach plaintiff at three telephone numbers that

counsel's research revealed had been associated with plaintiff.  Two of the numbers were not in

Page 1 -    Defendant's Motion to Dismiss

4818-8757-4088.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

service and although someone answered the third telephone call, when counsel asked for

plaintiff, the person on the other line stated that counsel had the wrong number.  On May 12,

2017, counsel sent plaintiff a letter requesting to confer by e-mail to the e-mail address she listed

on papers filed with the court, as well as by first-class mail to both post office box addresses

listed on plaintiff's court papers.  Counsel has not received a response from plaintiff.

**MOTION**

Under Fed R Civ P 12(b)(6), defendant Portland State University (the

"University"), requests that this Court dismiss plaintiff's amended complaint for failure to state a

claim.

**ARGUMENT**

Plaintiff's second amended complaint ("amended complaint") alleges no facts to

support any legal claim.[1]  Plaintiff's amended complaint should therefore be dismissed.

**A.      Federal pleading standards require plaintiff to provide facts that state a facially plausible claim to relief.**

Fed R Civ P 12(b)(6) allows dismissal for failure to state a claim.  A "complaint

must have sufficient facts to state a facially plausible claim to relief." *Nicol v. Wells Fargo*

*Bank, N.A.*, 857 F Supp 2d 1067, 1069 (D Or 2012) (describing *Bell Atl. Corp. v. Twombly*,

550 US 544, 570, 127 S Ct 1955, 167 L Ed 2d 929 (2007)).  Fed R Civ P 8(a)(2) "requires a

'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual

allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim

rests." *Twombly*, 550 US at 555, n.3.  The "[f]actual allegations must be enough to raise a right

to relief above the speculative level."  550 US at 555.

---

[1] Plaintiff filed her original complaint on April 7, 2017.  Plaintiff then filed amended complaints on April 11, 2017, and April 12, 2017, both of which appear to be identical.

Page 2 -    Defendant's Motion to Dismiss

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**B.    Plaintiff's amended complaint does not clearly state the legal nature of the claim or the factual grounds for it.**

The allegations in plaintiff's amended complaint, in total, are as follows:[2]

> "Plaintiff alleges:
>
>    "FIRST CLAIM FOR RELIEF— WRONGFUL EXCLUSION
>
>    "1.  Plaintiff has been wrongfully excluded.
>
>    "SECOND CLAIM FOR RELIEF— UNLAWFUL EXCLUSION
>
>    "2.  Plaintiff realleges paragraphs [sic] 1 of plaintiff's first claim for relief.
>
>    "3.  Plaintiff has liberty interest [sic] at Portland State University
>
>    "4.  Defendant has violated ORS ART 1 § 11 and ORS ART 1 § 10
>
>    "(1)  the lack of any pre-deprivation notice or hearing; (2) the failure to afford him any in-person hearing to challenge the exclusion order; (3) the fact that he was not allowed to review the evidence supporting his exclusion; and (4) the fact that the reviewer on appeal 'was a person within the same department as the individual who excluded defendant,' which 'provided no guarantee of impartiality.' *Mathews v. Eldridge*, <u>424 US 319, 96 S Ct 893, 47 L Ed 2d 18</u> (1976) (App Br 10).  [Errors in original.]
>
>    "(2)  *Widmar v. Vincent*, <u>454 US 263, 267-68, 102 S Ct 269, 70 L Ed 2d 440 (1981)</u>, t[sic]"

Those allegations are far too bare to provide the University with fair notice of the

nature of the claims and the grounds on which they rest.  Although the amended complaint refers

to various claims and authorities, the only analysis in plaintiff's amended complaint involves

---

[2] Plaintiff's original complaint attached a number of documents, including a printout of (repealed) OAR 577-071-0005, a Portland State University Exclusion Notice, handwritten notes that appear to be addressed to the University's Public Safety Office seeking to appeal the Exclusion Notice, and a letter from Phil Zerzan, the Chief of the University's Public Safety Office, denying the request to rescind the Exclusion Notice.  These documents were not attached to plaintiff's amended complaint, so they are not properly considered at this phase.  And even if they were attached to the amended complaint, those documents do not state facts sufficient to support a cognizable legal theory.

Page 3 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

procedural due process under the U.S. Constitution.  But plaintiff's amended complaint contains

no facts supporting that claim or any other.

**C.      The University is not a "person" who can be sued for damages under 42 USC §**
**         1983.**

Further, plaintiff cannot state a due process claim for damages against the

University.  "[A] litigant complaining of a violation of a constitutional right * * * must utilize 42

U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F3d 912, 925 (9th Cir 2001).

But a Section 1983 claim for damages may not be asserted against the University because it is

not a "person" under Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 US 58, 71,

109 S Ct 2304, 105 L Ed 2d 45 (1989) ("[N]either a State nor its officials acting in their official

capacities are 'persons' under § 1983.").

Plaintiff's amended complaint should therefore be dismissed for failure to state a

claim under Fed R Civ P 12(b)(6).

DATED this 17th day of May, 2017.

MILLER NASH GRAHAM & DUNN LLP


s/ *Sharae M. Wheeler*
P.K. Runkles-Pearson, P.C., OSB No. 061911
p.k.runkles-pearson@millernash.com
Sharae M. Wheeler, OSB No. 115525
sharae.wheeler@millernash.com
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendant
Portland State University


Page 4 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendant's Motion to Dismiss on:[3]

Sheeba Oriko at both:

P.O. Box 9232
Portland, Oregon  97207
E-mail:  soriko@pdx.edu

and

P.O. Box 9283
Portland, Oregon 97201

Plaintiff Pro Se

by the following indicated method or methods on the date set forth below:

☐        **CM/ECF system transmission.**

☒        **E-mail.**  Courtesy Copy.

☒        **First-class mail, postage prepaid.**

☐        **Hand-delivery.**

DATED this 17th day of May, 2017.


s/ *Sharae M. Wheeler*
Sharae M. Wheeler, OSB No. 115525

Of Attorneys for Defendant
Portland State University

---

[3] Defendant has served plaintiff at two addresses because both addresses appear in papers that plaintiff has filed with the court.

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204